NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000424
25-JUN-2018
08:24 AM**

NO. CAAP-17-0000424

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


NOLAN FRASER, Plaintiff-Appellant, v.
STATE OF HAWAIʻI; THOMAS READ, Defendants-Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10;
DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10;
and DOE GOVERNMENTAL ENTITIES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 08-1-0709(1))


MEMORANDUM OPINION
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Plaintiff-Appellant Nolan Fraser (**Fraser**) appeals from the Judgment (**Judgment**) entered against him and in favor of Defendant-Appellee the State of Hawaiʻi (**State**), in the Circuit Court of the Second Circuit (**Circuit Court**) on May 9, 2017.[1] Fraser also challenges the December 28, 2016 Findings of Fact, Conclusions of Law, and Order, the June 28, 2016 Order Denying Plaintiff's Motion for Summary Judgment (**Order Denying Summary Judgment**), and the July 26, 2016 Order Denying Plaintiff's Motion

---

[1]     The Honorable Rhonda I. L. Loo presided.

in Limine to Exclude any Extrinsic Evidence Outside of the Court Mittimus Filed on April 28, 2006 (**Order Denying Motion in Limine**).

This is a civil action for damages, in which Fraser alleges that he was kept in prison for 76 days beyond his release date in Cr. No. 05-1-0165. On July 30, 2009, Fraser filed his First Amended Complaint (**First Amended Complaint**) in the Circuit Court, alleging, *inter alia*: (1) false imprisonment; (2) negligence; (3) liability of the State on a theory of *respondeat superior*; and (4) negligent hiring, supervision, monitoring, and instruction by the State of prison official Thomas Read (**Read**).[2] After a bench trial and judgment against Fraser, this case was previously appealed and remanded.[3] The Circuit Court held a second bench trial on July 11, 2016. On May 9, 2017, the Circuit Court entered its Judgment.

I.   BACKGROUND

A.   Background Facts from the Prior Appeal

The facts in this subsection A are taken primarily from the Memorandum Opinion in the prior appeal in this case. See Fraser v. State, CAAP-12-0000393, 2015 WL 405689, at *1-2 (Haw. App. Jan. 30, 2015) (mem. op.).

---

[2]      Read was originally a co-defendant with the State, but all claims against Read were disposed of in an earlier phase of these proceedings and are not at issue in this appeal.

[3]      On October 10, 2011, the Circuit Court entered judgment in favor of the defendants. On March 12, 2011, Fraser filed a Notice of Appeal (CAAP-11-0000746). On March 30, 2012, that appeal was dismissed for lack of appellate jurisdiction. On April 12, 2012, the Circuit Court entered an Amended Judgment. On April 18, 2012, Fraser filed another Notice of Appeal (CAAP-12-0000393). On March 3, 2015, this court vacated the judgment to the extent that it entered judgment in favor of the State, but affirmed the judgment as to Read. Fraser, 2015 WL 405689 at *1 n.2.

2

The question of whether Fraser had been overdetained depended on whether he had received the proper amount of credit for time served with respect to the sentences that determined his release date. Fraser and the State agreed that the relevant offenses were two counts of first-degree assault against a law enforcement officer, Counts 2 and 3, in Cr. No. 05-1-0165. On August 9, 2005, the Circuit Court sentenced Fraser on the assault charges to concurrent terms of five years of probation, subject to a term of imprisonment of 144 days, with credit for time served.[4]

Fraser was subsequently indicted, in Cr. No. 05-1-0580, with attempted promoting of a controlled substance in, on, or near a school. On or about February 27, 2006, Fraser was arrested for his alleged violation of the terms of his probation in Cr. No. 05-1-0165.

On April 25, 2006, the Circuit Court sentenced Fraser on the drug charge in Cr. No. 05-1-0580 to five years of probation, subject to a one-year term of imprisonment, with credit of 135 days for time served.[5] On the same date, the Circuit Court revoked Fraser's probation on his assault charges in Cr. No. 05-1-0165 and resentenced him to five years of probation, subject to a one-year term of imprisonment.[6] A contemporaneous judgment or order resentencing Fraser on the

---

[4]     The Honorable Rhonda I. L. Loo presided at the August 9, 2005 sentencing.

[5]     The Honorable Shackley F. Raffetto presided.

[6]     The Honorable Shackley F. Raffetto presided.

assault charges is not in the record.[7] Nor is a transcript of Fraser's resentencing. However, a "Mittimus Warrant of Commitment to Jail" (**Mittimus Warrant**), signed by a clerk of the Circuit Court, states that the one-year jail term imposed on Counts 2 and 3 in Cr. No. 05-1-0165 are to run concurrently with each other and with the term imposed in Cr. No. 05-1-0580, with "[c]redit of 135 days of time served." The Mittimus Warrant was filed on April 28, 2006.

The State did not give Fraser 135 days of credit on his one-year jail term in Cr. No. 05-1-0165. Instead, Lieutenant Gail Mirkovich (**Mirkovich**), the intake sergeant at the Maui Community Correctional Center, calculated Fraser's credit for time served on his assault charges as 59 days, which is the number of days he spent in custody from his arrest for allegedly violating the terms of his probation until he was resentenced. After Mirkovich decided that Fraser was only entitled to 59 days of credit, she called a clerk for the resentencing judge and notified the clerk that Fraser was not entitled to 135 days of credit, as reflected in the Mittimus Warrant. After speaking with the clerk, Mirkovich "was under the assumption" that she should give Fraser 59 days of credit — her calculation of the correct credit. However, no amended judgment or other Circuit Court order was filed consistent with Mirkovich's calculation of Fraser's entitlement to credit for time served. The State applied Mirkovich's calculation of the appropriate credit and

---

[7]     As discussed later, on June 23, 2009, an Order Revoking Probation and Resentencing Defendant was entered by Judge Raffetto, which was introduced at trial and is now in the record in this case.

4

released Fraser on February 24, 2007. If the State had granted Fraser 135 days of credit for time served in Cr. No. 05-1-0165, he would have been released on December 10, 2006, which was 76 days earlier.[8]

B. Disposition of Prior Proceedings on Fraser's Claims

On July 30, 2010, the Circuit Court granted partial summary judgment in favor of the State, leaving only Fraser's "State law tort claims," against the State, namely: negligence, respondeat superior (for both negligence and false imprisonment), and the negligent hiring, supervision, monitoring, and instruction of a State employee.

On April 12, 2012, after a July 18, 2011 bench trial, the Circuit Court entered its Amended Judgment in favor of the defendants. Fraser appealed.

On March 3, 2015, this court vacated the Amended Judgment in part, concluding in part:

> [Under applicable supreme court cases,] the sentencing court
> could exercise its discretion either way, by crediting or
> not crediting a defendant with time previously served as a
> condition of probation. . . . We conclude that if the
> sentencing court enters a judgment or order establishing the
> amount of a defendant's credit for time served which the
> State believes is erroneous, the State cannot unilaterally
> recalculate the credit for time served but must obtain an
> amended or corrected order from the sentencing court.

Fraser, 2015 WL 405689 at *3 (format altered). We rejected Fraser's contention that the Mittimus Warrant was the same as an order or judgment and that extrinsic evidence must be excluded. We also rejected the State's argument that, as a matter of law,

---

[8] The main issue here is whether Fraser received the correct amount of credit for time served in Cr. No. 05-1-0165. The other case, Cr. No. 05-1-0580, is only relevant for the State's contention that the sentencing court may have made a clerical error, applying the credit calculation from Cr. No. 05-1-0580 in Cr. No. 05-1-0165.

Fraser was only entitled to credit for the 59 days he spent in custody after his alleged probation violation and repeated that the State cannot unilaterally change a sentencing judge's determination based on the State's view of the appropriate credit. Noting that the Circuit Court had adopted and relied on the State's erroneous legal assumptions, we vacated the April 12, 2012 Amended Judgment. Id. at *4. We emphasized:

> Unfortunately, neither party focused on or presented direct evidence on the key question in this case — what the sentencing judge had actually ordered with respect to credit for time served in resentencing Fraser. Fraser and the State did not make a transcript of the sentencing judge's resentencing hearing part of the record. They also did not make any order or judgment signed by the sentencing judge that reflected the judge's order regarding credit for time served part of the record. Although the Mittimus Warrant provided circumstantial evidence of what the sentencing judge may have ordered with respect to credit for time served, there were material issues of fact concerning what the sentencing judge had actually ordered or intended to order regarding credit for time served.

Id. (Emphasis added).

C.    Proceedings on Remand

On May 20, 2016, Fraser filed a motion for summary judgment, arguing that the court had given him 135 days of credit for time served, and therefore he should have been released on December 10, 2006. Fraser argued that the Department of Public Safety decided unilaterally that Fraser was only entitled to 59 days of credit for time served. He stated that he was released on February 24, 2007, an over-detention of 76 days. Fraser attached the April 27, 2006 Mittimus Warrant to his Motion for Summary Judgment. The Mittimus Warrant stated that it was effective as of April 25, 2006, and that Fraser was sentenced to one year of incarceration with credit for 135 days of time served. The State filed an opposition, arguing that Fraser's

motion was essentially identical to his motion for summary judgment in the proceedings prior to remand and did not address the issues on remand. On June 28, 2016, the Circuit Court entered the Order Denying Summary Judgment.

On June 21, 2016, Fraser filed his Motion in Limine to Exclude any Extrinsic Evidence Outside of the Court Mittimus Filed on April 28, 2006 (**Motion in Limine**). Fraser argued that the Mittimus Warrant was like a judgment or an order, and that therefore it should be the only evidence admitted to show how much credit for time served he was to receive. In opposition, the State argued that the Motion in Limine was identical to the one that Fraser had submitted in the proceedings prior to the first appeal and that it did not address the issues on remand. The Circuit Court orally denied Fraser's Motion in Limine on the morning of trial, and entered its Order Denying Motion in Limine on July 26, 2016.

On July 1, 2016, the parties entered into Stipulations as to Facts, which included, *inter alia*::

> 8. In CR. No. 05-1-0165, [Fraser] received a sentence of one (1) year.
>
> . . . . .
>
> 11. The Mittimus in CR No. 05-1-0165 states that [Fraser] was to be credited with 135 days of time served. If 135 days for time served had been credited, Plaintiff's release date in CR No. 05-1-0165 would have been December 10, 2006.
>
> 12. [Fraser] was released on February 24, 2007 in CR No. 05-1-0165, serving time from February 27, 2006 through February 24, 2007.
>
> . . . .
>
> 14. [Fraser] was released on March 18, 2005 for CR. No. 05-1-0165.
>
> 15. [Fraser] was admitted again on April 7, 2005 for CR. No. 05-1-0165.
>
> 16. [Fraser] was released on probation for CR No. 05-1-0165 on August 9, 2005.
>
> . . . .

18. The file containing the transcript of the April 25, 2006 hearing, as recorded by the Court Reporter, is corrupted and the transcript is irretrievable.

On July 11, 2016, the Circuit Court held a bench trial. Prior to the testimony of the first witness, several exhibits were received into evidence by stipulation, including a copy of the Mittimus Warrant, and a copy of a June 23, 2009 Order Revoking Probation and Resentencing Defendant (**Resentencing Order**).[9] The Resentencing Order was signed by the judge who presided over the April 25, 2006 resentencing hearing and stated, in relevant part:

Defendant is hereby placed on probation for five (5) years commencing as of April 25, 2006, with the following terms and conditions:

. . . .

b. Defendant is hereby committed to the custody of the Director of the Department of Public Safety for a period of ONE (1) YEAR, and for the Resisting Arrest charge of THIRTY (30) DAYS, credit for time served.

Fraser testified first and was the only witness on his behalf. He testified as follows. Fraser was arrested and admitted into custody on February 26, 2005, in connection with Cr. No. 05-1-0165 and released on March 18, 2005. He was again admitted into custody on April 27, 2005, in connection with Cr. No. 05-1-0165, and remained there until he was sentenced on August 9, 2005. On August 9, 2005, he was sentenced to 144 days of incarceration, the exact amount of time he had served, and he was released that day based on the credit given for time served. On February 23, 2006, he was re-arrested and re-admitted into custody, and remained there until his resentencing on April 25, 2006, when he was resentenced to one year in jail. At that

---

[9] The Circuit Court also orally denied Fraser's Motion in Limine.

hearing, he was given credit for 135 days of time served in Cr. No. 05-1-0165, and the release date should have been December 10, 2006. Fraser was not released on December 10, 2006, and tried to contact his parents and his attorney at the time, but no one explained to him why he was still in custody. He was ultimately released from custody on February 24, 2007. Fraser then rested his case.

Mirkovich testified for the State as follows. Mirkovich worked at the Maui Community Correctional Center, and at the time in question, she was a Sergeant. Her responsibilities included calculating the lengths of inmates' sentences. When she calculated Fraser's sentence on May 11, 2006, she determined that Fraser was only entitled to 59 days of credit for time served under Cr. No. 05-1-0165, instead of the 135 days indicated on the Mittimus Warrant. She then called the clerk of the sentencing judge and notified the clerk of the discrepancy. Mirkovich then recalculated the length of Fraser's sentence and arrived at a release date of February 24, 2007, which is when Fraser was released. The State presented no further witnesses.

After the presentation of evidence, the Circuit Court ordered the parties to submit proposed findings of fact (FOFs) and conclusions of law (COLs).

On December 28, 2016, the Circuit Court entered its Findings of Fact, Conclusions of Law and Order, which included the following:

## II. FINDINGS OF FACT

. . . .

18. In her years of doing sentence computation, Mirkovich has encountered instances where courts have given an incorrect amount of presentence credit. When this has happened, MCCC's standard procedure is to call the court and to notify the Department of Public Safety.

19. Mirkovich computed Plaintiff's sentences in May 2006, including his sentence in Criminal No. 05-1-0165.

20. Mirkovich noticed that the Mittimus in Criminal No. 05-1-0165 indicated that Plaintiff had 135 days credit, but he actually only had 59 days credit in that case.

21. After determining that Plaintiff had been given an incorrect amount of presentence credit in Criminal No. 05-1-0165, Mirkovich called the sentencing judge's clerk and notified her that Plaintiff had not spent 135 days in jail from the time of the probation violation.

22. Mirkovich pointed out to the judge's clerk that Plaintiff had 135 days credit in another one of his cases.

23. After speaking with the judge's clerk, Mirkovich applied 59 days credit to Plaintiff's sentence in Criminal No. 05-1-0165 and determined that his release date was February 24, 2007.

. . . .

## II. CONCLUSIONS OF LAW

. . . .

7. Plaintiff presented no evidence that he had been in custody 135 days in Criminal No. 05-1-0165 when he was resentenced to probation on April 25, 2006.

. . . .

10. The Court finds the testimony of Mirkovich to be credible and logical. Mirkovich, after discovering in Criminal No. 05-1-0165 that the Mittimus had listed Plaintiff as having 135 days credit, and calculating that he actually only had 59 days credit, called the judge's clerk and notified her of this discrepancy. Mirkovich then applied 59 days of credit to Plaintiff's sentence in Criminal No. 05-1-0165.

12. Plaintiff did not provide any order or judgment signed by the sentencing judge that reflects the judge's order regarding credit for time served in Criminal No. 05-1-0165.

11. Plaintiff failed to prove that the sentencing · judge intended to credit him with all or part of the 144 days he served in 2005 in Criminal No. 05-1-0165.

. . . .

13. Plaintiff has not proven by a preponderance of the evidence the required elements for his negligence claim.

14. Plaintiff has not established what the State's duty is, and has presented no evidence that the State breached that duty.

15. Accordingly, that State did not breach its duty to Plaintiff.

16. Plaintiff also failed to present any evidence to substantiate the damages being claimed.

On May 9, 2017, the Circuit Court entered the Judgment. On May 16, 2017, Fraser filed a Notice of Appeal.

II. POINTS OF ERROR

On appeal, Fraser asserts four points of error, contending that the Circuit Court erred when it: (1) failed to recognize that Mirkovich could not unilaterally revise the calculation of Fraser's credit for time served; (2) found that Fraser presented no evidence that he had been in custody for 135 days in relation to Cr. No. 05-1-0165; (3) denied the Motion in Limine, allowing evidence outside of the Mittimus Warrant in determining the appropriate amount of credit for time served; and (4) denying Fraser's Motion for Summary Judgment.

III. APPLICABLE STANDARD OF REVIEW

"In this jurisdiction, a trial court's FOFs are subject to the clearly erroneous standard of review. An FOF is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction that a mistake has been committed. Chun v. Bd. of Trs. of the Employees' Ret. Sys. of the State of Hawai'i, 106 Hawai'i 416, 430, 106 P.3d 339, 353 (2005) (citations, internal quotation marks, and ellipses omitted). "An FOF is also clearly erroneous when the record lacks substantial evidence to support the finding. [The Hawai'i Supreme Court has] defined substantial evidence as credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Leslie v. Estate of Tavares, 91 Hawai'i

394, 399, 984 P.2d 1220, 1225 (1999) (citations and internal quotation marks omitted).

> A COL is not binding upon an appellate court and is freely reviewable for its correctness. [The appellate court] ordinarily reviews COLs under the right/wrong standard. Thus, a COL that is supported by the trial court's FOFs and that reflects an application of the correct rule of law will not be overturned. However, a COL that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the court's conclusions are dependent upon the facts and circumstances of each individual case.

Chun, 106 Hawai'i at 430, 106 P.3d at 353 (citation, internal quotation marks, and brackets omitted).

Because "the granting or denying of a motion in limine is within the trial court's inherent power to exclude or admit evidence, we review the court's ruling for the abuse of discretion standard." State v. Kealoha, 95 Hawai'i 365, 379, 22 P.3d 1012, 1026 (App. 2000) (citations, internal quotation marks, and brackets omitted). However, when the trial court's order granting a motion in limine is an evidentiary decision based upon relevance, the standard of review is the right/wrong standard. Ass'n of Apt. Owners of Wailea Elua v. Wailea Resort Co., Ltd., 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002).

> On appeal, the grant or denial of summary judgment is reviewed de novo. [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Nuuanu Valley Ass'n v. City & Cnty. of Honolulu, 119 Hawai'i 90, 96, 194 P.3d 531, 537 (2008) (citations omitted; format altered).

IV.   DISCUSSION

   A.   The Revision of Fraser's Credit for Time Served

   Fraser argues that the trial court erred in failing to recognize that Mirkovitch could not unilaterally revise the calculation of credit for time served.  We agree.  In Fraser's prior appeal, we held:

> [I]f the sentencing court enters a judgment or order establishing the amount of a defendant's credit for time served which the State believes is erroneous, the State cannot unilaterally recalculate the credit for time served but must obtain an amended or corrected order from the sentencing court.

Fraser, 2015 WL 405689 at *3 (emphasis added).

   The Circuit Court clearly erred, inter alia, in FOF 20, when it found that "Mirkovich noticed that Mittimus in Criminal No. 05-1-0165 indicated that Plaintiff had 135 days credit, but he actually only had 59 days credit in that case."  (Emphasis added).  As we previously indicated, the latter portion of this finding reflects Mirkovich's judgment and determination, not that of the resentencing judge.  Notwithstanding the State's opportunity to do so, the State presented no evidence that the resentencing court did not intentionally credit Fraser with same number of "days served" in both cases that were before the court on April 25, 2006.  As we stated in our previous Memorandum Opinion, the Mittimus Warrant provided circumstantial evidence of what the sentencing judge ordered with respect to time served. In addition, the June 23, 2009 Resentencing Order stated that Fraser was still sentenced to five years of probation, but conditioned on a one-year period of incarceration – as opposed to the previous sentencing condition of 144 days of incarceration –

*with credit for time served.*  The Resentencing Order did not limit the "credit for time served" to time served from the time of the probation violation; it gave Fraser credit for "time served."  Absent an order or any other evidence of *the resentencing court's intent* to the contrary, based on the evidence before the Circuit Court, we conclude that this order must be construed to have credited Fraser for *all* of the time he actually served on his sentence in Cr. No. 05-1-0165, not just a portion of it.  Thus, the Circuit Court also erred in, *inter alia*, COLs 10-12, wherein the court found Mirkovich's testimony to be "credible and logical" and then relied on Mirkovich's testimony to interpret the resentencing judge's order.  Regardless of Mirkovich's credibility, her testimony was irrelevant to the question of what the resentencing court ordered or intended regarding credit for time served.

B.    Evidence that Fraser was Over-Detained

Fraser next contends that the Circuit Court clearly erred in finding that he failed to present evidence that he had been in custody for 135 days in Cr. No. 05-1-0165.  We agree.

The parties stipulated that Fraser had been admitted into custody on February 26, 2005, in Cr. No. 05-1-0165 and released on March 18, 2005, admitted again on April 7, 2005 for Cr. No. 05-1-0165 and released on August 9, 2005.  Moreover, in the prior appeal, we noted that Fraser had been in custody for 144 days when he was first sentenced on August 9, 2005, so this should not have been an issue on remand.  See Fraser, 2015 WL 405689 at *1, n.3.  The record lacks substantial evidence to

14

support COL 7, and therefore, it was clearly erroneous.[10]  See Leslie, 91 Hawai'i at 399, 984 P.2d at 1225.

However, this error was harmless as to certain of Fraser's claims, because they fail for other reasons.  A defect that is not inconsistent with substantial justice and does not affect the substantial rights of a party is harmless.  See Bank of Hawaii v. Shinn, 120 Hawai'i 1, 20-21, 200 P.3d 370, 389-90 (2008); Paglinawan v. Rompel, CAAP-11-0000426, 2013 WL 1131604 at *1 (Haw. App. Mar. 18, 2013) (mem. op.) (holding that an error was harmless where another ground existed for the court's ruling); see also Hawaii Rules of Civil Procedure (HRCP) Rule 61.

Fraser's claim that the State was liable under respondeat superior for false imprisonment allegedly perpetrated by Read, is barred by sovereign immunity.  See Doe Parents No. 1 v. State, Dep't of Educ., 100 Hawai'i 34, 68, 58 P.3d 545, 579 (2002) (stating that claims for respondeat superior liability for false imprisonment are barred by sovereign immunity); Hawaii Revised Statutes (HRS) § 662-15(4) (2016) (sovereign immunity as to false imprisonment claims is not waived).[11]  Therefore, the claim fails, regardless of the clear error in COL 7.

---

[10]     Although labeled as a conclusion of law, we construe COL 7 to be a finding of fact.

[11]     HRS chapter 662 provides for the waiver of sovereign immunity for certain tort claims against the State.  HRS § 662-15(4) provides:

§ 662-15 Exceptions.  This chapter shall not apply to:
. . . .
(4)     Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights;

In the First Amended Complaint, Fraser also alleged that the State was liable for negligently hiring, supervising, monitoring, and instruction of Read. This claim is not necessarily barred by sovereign immunity. See Doe Parents No. 1, 100 Hawai'i at 68, 58 P.3d at 579 ("if the State knew, or reasonably should have anticipated, that one of its employees would commit an intentional tort against a person to whom the State owed a duty of care, the State is liable for the negligence of those employees who were in a position to take reasonable precautions against the anticipated harm" (emphasis added)). However, no evidence was adduced at trial to show that Read failed to take reasonable precautions against Fraser's false imprisonment. Read did not testify at trial, and little evidence was adduced as to Read at all, except for his title and that Mirkovich spoke with him. It appears that Fraser abandoned this claim, and therefore it fails, regardless of the clear error in COL 7.

However, Fraser also alleged negligence and respondeat superior liability for the negligence of State employees in failing to release him from custody on the appropriate date. With respect to Fraser's negligence claims, the Circuit Court concluded in COL 14 that Fraser failed to establish the State's duty. However, as Fraser alleged in the First Amended Complaint, the State had a duty to ensure that he was released from custody on the appropriate date, consistent with the court's orders. Based on the above, we conclude that the Circuit Court erred in

16

COLs 14 and 15 when it concluded that the State did not breach its duty to Fraser.

C.    The Motion in Limine

Fraser maintains that the Circuit Court abused its discretion in denying his Motion in Limine and allowing evidence outside of the Mittimus Warrant in determining the appropriate amount of credit for time served.  This argument is without merit.  The basis for the Motion in Limine was Fraser's assumption that the Mittimus Warrant was equivalent to a judgment or an order.  However, as we previously stated in Fraser, 2015 WL 405689 at *3, a mittimus warrant is signed by a court clerk, not a judge.  As we previously held, "[e]vidence of what the Circuit Court had ordered or intended to order with respect to credit for time served and whether Fraser was legally entitled to any such credit were relevant to Fraser's negligence claim against the State."  Fraser, 2015 WL 405689 at *4.

D.    Summary Judgment

Finally, Fraser again contends that the Circuit Court erred in denying summary judgment because the Mittimus Warrant, which stated that Fraser was to be credited for 135 days of time served, was not disputed.  This argument is without merit.  As we held when Fraser previously made this argument, although the Mittimus Warrant provided circumstantial evidence of what the resentencing judge ordered, Fraser was not entitled to judgment as a matter of law based on the Mittimus Warrant.  See Fraser, 2015 WL 405689 at *4.  Therefore, the Circuit Court properly denied Fraser's May 20, 2016 motion for summary judgment.

V.    CONCLUSION

      As stated above, the Circuit Court's May 9, 2017 Judgment is affirmed in part and vacated in part; this case is remanded to the Circuit Court for further proceedings consistent with this Memorandum Opinion.

      DATED: Honolulu, Hawai'i, June 25, 2018.

On the briefs:

Jan K. Apo,
Mark D. Reck,
Naomi M. Kusachi,
(Law Offices of Jan K. Apo),
for Plaintiff-Appellant.

Caron M. Inagaki,
Kendall J. Moser,
Deputy Attorneys General,
for Defendant-Appellee
STATE OF HAWAI'I.

Presiding Judge

Associate Judge

Associate Judge

18